**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AIMEE MCREYNOLDS**                                                                                      **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:16-CV-318-HSO-MTP**

**THOMAS M. MATTHEWS, III, ET AL.**                                          **DEFENDANTS**

## ORDER

Before the Court is a flurry of last minute discovery motions [76][77][78][82][85] from the parties as well as a Motion [80] to Extend the Discovery Deadline filed by the Defendants. The Court will first address the Motion [80] for an extension and then the other motions in turn.

This case has had more than its share of discovery disputes.[1] In response to the inability of the parties to agree on various discovery matters, the Court scheduled a discovery conference and hearing for June 20, 2017, and directed the parties to file motions on <u>any</u> outstanding discovery disputes before the hearing to ensure that this matter proceeded to disposition as scheduled. *See* Order [53] (emphasis in original order). In other words, the Court set the hearing to avoid the very scenario presented by the current motions—eleventh hour discovery motions and delay. However, no discovery motions were filed by either party, and they informed the Court that the only pending motion was resolved. Accordingly, the conference and hearing were cancelled. *See* Order [53].

Defendants filed three Motions [76][77][78] to Compel on July 11, 2017, and Plaintiff filed a Motion [82] to Quash a Subpoena on July 13, 2017, and a Motion [85] to Compel on July 14, 2017. The briefing on the motions was just completed on the eve of the August 1, 2017, discovery deadline. *See* Replies [108-111].

---

[1] *See* Docket Entries noting conferences with the undersigned related to discovery issues on 04/19/2017; 05/12/2017; 05/23/2017; and 06/06/2017.

1

**Defendants' Motion [80] to Extend the Discovery Deadline**

The Court will first address Defendants' Motion [80] to Extend Discovery deadlines as it will affect the ruling on the other motions. Defendants essentially request that the deadlines be extended so that they can have time to effectuate the Court's rulings on their motions to compel. They claim an extension is justified because Plaintiff delayed the discovery process.

Local Rule 7(b)(2)(B) provides: "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Defendants filed their Motions on July 11, 2017 – 21 days before the August 1, 2017, discovery deadline. The Local Rules provide fourteen days for a respondent to file a brief in response to a motion, and seven days for a movant to file a reply. L.U.Civ.R. 7(b)(4). The 21 days between Defendants' Motions and the discovery deadline is not sufficient time to obtain a ruling from the Court, much less to "effectuate the court's order...." L.U.Civ.R. 7(b)(2)(B).

Furthermore, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b). The rule "requires a party to show that the deadline[] cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (punctuation omitted).[2]

---

[2]   The Court also considered the *Geiserman* factors in deciding whether to grant an extension: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) the potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *See S&W Enters., LLC v. SouthTrust Bank of Ala.*, N.A., 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman*, 893 F.2d at 791. The Court finds that these factors weigh against granting an extension. The Court is not persuaded Defendants could not meet the discovery deadline because Plaintiff delayed the discovery process. Defendants had almost eight months to conduct discovery and to bring any issues before the Court. *See* Orders [53] and [59].

Defendants suggest Plaintiff has obstructed their discovery efforts throughout the case by delaying in various ways. However, Defendants had a duty to expeditiously follow-up on discovery requests and timely move to compel when necessary. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12-CV-5-HSO-RHW, 2013 WL 12124055, at *2 (S.D. Miss. June 14, 2013). The Case Management Order provided a generous period of nearly eight months to conduct discovery.[3] Less than a month before the current motions were filed, the parties indicated they had no pending discovery issues. In *Wells v. Sears Roebuck and Co.,* this Court stated:

> Obviously, problems can arise and the Court should be reasonable in working with the attorneys where necessary. However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril. He must not expect the Court to extend discovery and/or the trial date because of the failures of the other party to respond, even if that failure is in bad faith. 203 F.R.D. 240, 241 (S.D. Miss. 2001).

Plaintiff may very well have been dilatory during the discovery process, but Defendants also postponed seeking certain discovery and in addressing the alleged delays.

Notably, Defendants do not request an extension to finish up certain limited discovery. Instead, they now seek discovery of wide ranging financial and medical information and the deposition of Plaintiff's attorneys. They request a general extension

---

This weighs against the extension. Likewise, the Court is not convinced of any critical importance of the relief requested in the Defendants' various motions. It is not clear whether Plaintiff would be prejudiced by an extension, and an extension of time would not necessarily resolve all issues. Defendants do not request an extension to obtain certain limited, specific information but an extended period of time to conduct rather expansive discovery and follow-up discovery after other information is provided. *See* [80] at 3 (requesting a general 28-day discovery extension <u>from the time Plaintiff signs executed releases</u>).

[3] The CMO [13] was entered on December 8, 2016, and permitted discovery until August 1, 2017.

of the discovery period if the current wave of motions is granted. *See* [80] at 3 (requesting a general 28-day discovery extension from the time Plaintiff signs executed releases). An eight-month discovery period was more than adequate. The Court does not find good cause to extend the discovery deadline. Accordingly, the Motion [80] will be denied.

**Defendants' Motions [76][77][78] to Compel**

The Defendants filed three discovery Motions on July 11, 2017: a (1) Motion [76] to Compel Execution of Medical Waivers; a (2) Motion [77] to Compel Attorney Depositions; and a (3) Motion [78] to Compel Production of Financial Records. These Motions will be denied as untimely pursuant to Local Rule 7(b)(2)(B).

In the Motion [76] to Compel Execution of Medical Waivers, Defendants request that the Court compel Plaintiff to sign medical waivers so that they may obtain medical records pertaining to her mental health. They claim they need this information to show that it was Plaintiff, not Defendant Matthews, who refused to answer phone calls and perform administratrix duties, and that mental health problems may have contributed to this. They also state the information is relevant to Plaintiff's "state of mind" when she agreed to change her fee agreement with her attorney in the underlying estate action from 1% to 15% to 25% to 33%.

However, according to Defendants, they first learned that Plaintiff was treated at an in-patient mental health care facility on May 16, 2017, and they deposed Plaintiff on May 23, 2017, but did not seek waivers from Plaintiff to begin gathering information

4

from health care providers until June 20, 2017.[4] Accordingly, the Motion [76] will be denied as untimely pursuant to Local Rule 7(b)(2)(B).

The Defendants also seek to depose Plaintiff's attorneys. *See* Motion [77] to Compel Attorney Deposition. They claim these depositions are necessary and relevant to the damages in this case, as attorney fees in the underlying action are a part of Plaintiff's damages. Defendants claim that these depositions just recently became necessary as they just learned in May that Plaintiff's contingency fee agreement was changed. However, Defendants' initial disclosures identified Plaintiff's attorneys and expressed that they may have information "surrounding Plaintiff's claims and her alleged damages." *See* [77-5]. Defendants also point out that "the vast majority of alleged damages – 72%, or $1,386,566.50 – are attorneys' fees and costs to the Law Office of B. Ruth Johnson, PLLC" *See* [79]. Defendants also state that "Ms. Biegel and Ms. Johnson have long known that their depositions were likely[;]" however, Defendants waited until the last minute to bring the issue before the Court. *See* [77]. As such, the Motion [77] will be denied as untimely pursuant to Local Rule 7(b)(2)(B).

Defendants also seek Plaintiff's financial records and claim that she has refused to provide them. *See* Motion [78]. However, Defendants do not adequately explain why this issue only reaches the Court at the discovery deadline. As such, the Motion [78] will be denied as untimely pursuant to Local Rule 7(b)(2)(B).

---

[4] The undersigned notes that the Defendants learned of the in-patient treatment on May 16, 2017, and deposed Plaintiff on May 23, 2017. However, the Defendants did not request the medical waivers from Plaintiff until June 20, 2017, after the Court canceled the discovery conference and hearing.

**Plaintiff's Motion [82] to Quash, or Alternatively Modify, the subpoena served on Navy Federal Credit Union**

Plaintiff seeks to quash or modify a subpoena served on Navy Federal Credit Union in which Defendants seek some of her financial information. Plaintiff claims some of the information sought is not relevant. The Motion [82] will be denied.

A motion to quash or modify a subpoena under Federal Rule of Civil Procedure 45 may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has alleged some personal privacy right or privilege in the documents sought. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Jez v. Dow Chemical Co., Inc.*, 402 F.Supp.2d 783 (S.D. Tex. 2005); *Wright & Miller, Federal Practice and Procedure*, Civil 3d § 2459. A party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party. *See, e.g., Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (finding that a party had standing to challenge a subpoena issued to a bank because he claimed a legitimate privacy interest in the requested bank records). The Court finds that Plaintiff has standing to challenge the subpoena as the requested documents will contain her personal financial information.

The scope of discovery, relevant to the Court's analysis, reads as follows[5]:

**Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged

---

[5] Defendants filed their Notice of Intent to Serve Subpoena on June 23, 2017. *See* [76] The subpoena was served on June 26, 2017, and was returnable on July 10, 2017. *See* [71]. Plaintiff filed her Motion [82] to Quash on July 13, 2017, **after** the return date of the subpoena, and 20 days after Defendants filed their notice. Plaintiff delayed in filing her Motion to Quash until after the issue could be fully briefed and a ruling issued and effectuated before the discovery deadline. She filed her motion 20 days after Defendants filed their notice of intent to serve the subpoena, and she was aware of the looming discovery deadline when Defendants filed that notice.

> matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The undersigned finds the information requested in the subpoena is relevant to claims and defenses and is proportional to the needs of the case. The information is relevant to the Plaintiff's damage claims. Plaintiff's Motion [82] to Quash, or Alternatively Modify, the subpoena served on Navy Federal Credit Union will be denied, and Defendants may obtain the information sought in the subpoena from Navy Federal Credit Union.

**Plaintiff's Motion [85] to Compel Documents and Things Requested in Requests for Production**

In this Motion [85], Plaintiff seeks to compel Defendants to provide certain financial information regarding their net worth that will be relevant to calculating punitive damages. Likewise, this motion is untimely. *See* L.U.Civ.R. 7(b)(2)(B). However, the Court will grant limited relief as set forth below.

The issue of punitive damages was raised in the complaint. *See* Amended Complaint [14] at 12. Plaintiff's Motion [85] to Compel requesting voluminous and detailed records from Defendants regarding their financial wherewithal was filed right before the discovery deadline and leaves insufficient time to effectuate the Court's ruling if the Court were to grant the relief sought. The Court could deny the motion for that reason alone, and does so in part. However, as the parties can effectuate the Court's ruling on this issue without affecting the current case deadlines, the Court will grant the Motion [85] in part and deny it in part.

Courts in this district deal with discovery and disclosure regarding net worth for punitive damages in various ways. *See Regions Ins., Inc. v. Alliant Ins. Servs., Inc.*, No. 3:13-CV-667-HTW-LRA, 2015 WL 1886852, at *3 (S.D. Miss. Apr. 24, 2015) (discussing the various ways courts in this district and the Fifth Circuit handle the issue). In that case, Judge Anderson noted that "in this district Defendants have most often been directed to have available at trial attested financial statements or tax returns revealing their net worth when punitive damages are an issue." *Id.*

Setting "fair and reasonable parameters of discovery on the issue of the net worth of a Defendant is [often] a difficult [task] for a Court. Certainly, where punitive damages are appropriate, the [financial information] of a Defendant is a legitimate element of inquiry and proof. A Plaintiff should be allowed an adequate opportunity to prove a legitimate punitive damage claim. On the other side of the balance, by simply inserting a claim for punitive damages in a pleading, a plaintiff should not be able to have *carte blanche* access to the private financial life of a defendant." *See Price v. Lockheed Martin Corp.*, No. 4:04CV123LN, 2006 WL 1686568, at *3 (S.D. Miss. June 19, 2006).

A reasonable balance is struck by requiring the Defendants to bring to the pre-trial conference a sworn financial statement, fairly outlining, under the penalty of perjury, the Defendants' assets, liabilities, and net worth. Defendants shall also bring to the pre-trial conference tax returns from the last two years along with copies of any and all financial statements Defendants may have submitted to financial institutions from 2015 to the present. Defendants need not provide the financial information to Plaintiff at this time. The information shall be held and maintained as private by the Defendants until such time as the court rules that punitive damages are an appropriate subject for the jury's consideration or as otherwise

8

instructed by the district judge at the pre-trial conference. Thus, the Motion [85] to Compel will be granted to this extent, but denied in all other respects.

## **Conclusion**

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' Motion [80] to Extend the Discovery Deadline is DENIED.
2. Defendants' Motion [76] to Compel Execution of Medical Waivers is DENIED as untimely.
3. Defendants' Motion [77] to Compel Attorney Depositions is DENIED as untimely.
4. Defendants' Motion [78] to Compel Production of Financial Records is DENIED as untimely.
5. Plaintiff's Motion [82] to Quash, or Alternatively Modify, the subpoena served on Navy Federal Credit Union is DENIED.
6. Plaintiff's Motion [85] to Compel Documents and Things Requested in Requests for Production is GRANTED IN PART AND DENIED IN PART as set forth above.

SO ORDERED, THIS the 1st day of August, 2017.

s/ Michael T. Parker
United States Magistrate Judge
