IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AIMEE MCREYNOLDS                                                                PLAINTIFF

v.                                                    CIVIL NO. 1:16-CV-318-HSO-MTP

THOMAS M. MATTHEWS, III,
MATTHEWS & MATTHEWS, PLLC,
AND JOHN AND JANE DOES 1-5                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION [117] TO STRIKE
PLAINTIFF'S REBUTTAL EXPERT AND EXPERT'S SUPPLEMENTAL
REPORT**

BEFORE THE COURT is Defendants Thomas M. Matthews, III and Matthews & Matthews, PLLC's (collectively, "Matthews") Motion [117] to Strike Plaintiff's Rebuttal Expert and Expert's Supplemental Report. The Motion has been fully briefed. For the reasons that follow, the Motion will be granted in part as to Plaintiff's expert John Corlew and as to the portion of the Supplement to Report of Robert Williford that relates to the reasonableness of attorneys' fees and denied in part as to the portion of that report that relates to concealed fraud.

I. BACKGROUND

A.  Factual Background

This dispute is a legal malpractice action against Matthews relating to the administration of the *Estate of Jack Dick, Deceased*, Cause No. 2013-0065-PR-G, in the Chancery Court of Pearl River County, Mississippi. Plaintiff Aimee McReynolds ("McReynolds") was the sole beneficiary of Jack Dick's handwritten Will. Shortly after Dick passed away, McReynolds retained Matthews in April 2013 to probate

Dick's Will. McReynolds was initially appointed by the Chancery Court to serve as Administratrix of the Estate. McReynolds claims that Matthews failed to administer the Estate in a timely and proper manner, causing her to suffer monetary damages.

McReynolds terminated Matthews in March 2015, and in May 2015, the Chancery Court removed McReynolds as Administratrix. McReynolds later retained the Law Office of B. Ruth Johnson – which is also her counsel in this present litigation – to represent her in Dick's Estate proceedings. McReynolds signed a 1% contingency fee agreement on October 9, 2015. Two of Dick's half-siblings filed a Will contest on October 13, 2015. McReynolds subsequently amended her contingency fee agreement, increasing the fee three times: first, to 15% on October 20, 2015; second, to 25% on March 28, 2016; and finally, to 33 1/3% on May 31, 2016. McReynolds eventually settled the challenges to the Will, and on July 19, 2016, the Chancery Court entered a Decree closing the Estate.

B. <u>Procedural History</u>

1. <u>The Parties' Expert Designations</u>

On April 8, 2016, McReynolds filed a Complaint against Matthews in the Circuit Court of Pearl River County, Mississippi. Compl. [1-1]. Matthews removed the case to this Court on the basis of diversity jurisdiction on August 26, 2016. *Id.* at 1-2. On January 9, 2017, McReynolds filed an Amended Complaint. Am. Compl. [14]. The Amended Complaint alleges claims for breach of fiduciary duty and breach of the duty of care. McReynolds contends that a litany of Matthews'

2

wrongful acts caused her to suffer damages including that, but for Matthews' negligence in handling the case, the contest of the Will would have been time-barred, and McReynolds would not have incurred attorneys' fees to represent her interest in the Estate. *Id.* at 11-12.

The Court entered its Case Management Order on December 8, 2016, and ordered that McReynolds designate her experts by April 3, 2017. Case Management Order [13] at 4. Upon joint motion of the parties, the Court extended McReynolds' expert designation deadline to April 10, 2017. Matthews' expert designation deadline was later reset to June 15, 2017. Order [38]. Matthews moved *ore tenus* to extend the designation deadline for its expert attorney Lawrence Gunn ("Gunn"). Order [51]. The Court granted that extension, and set Matthews' expert designation deadline for Gunn to July 10, 2017. *Id.* The existing June 15, 2017, deadline for designation of all other defense experts remained in place. *Id.*

On April 10, 2017, McReynolds timely designated two experts, Robert E. Williford, Esq. ("Williford"), and Joseph E. Hines, and submitted their reports. Designation of Expert Witnesses [126-5] at 1. Williford was designated as an expert on "the legal, ethical and fiduciary duties of an attorney in the administration of estates," *id.* at 4, while Hines was tendered to offer expert testimony in the field of accounting and financial analysis, *see id.* at 28, 59. Williford's timely April 10, 2017 report ("First Report") opined as to Matthews' duties and breaches, *id.* at 7-20, and took the position that had the Estate been properly opened and administered, the

3

later challenges to the Will would have been barred by the applicable two-year statute of limitations, *id.* at 7.

On June 15, 2017, Matthews identified Gunn as an expert. Suppl. Answers to Pl.'s First Set of Interrogs. [117-2] at 2-3. Matthews advised that "Gunn is expected to testify the fees and expenses paid by McReynolds to the Law Office of B. Ruth Johnson, PLLC were excessive and unreasonable." *Id.* at 6. Matthews also disclosed that Gunn was expected to testify that the Will contests could have been filed under a theory of concealed fraud, such that the two-year statute of limitations did not apply. *Id.* at 5. On June 30, 2017, McReynolds disclosed to Matthews a Supplement to Report of Williford ("Second Report"). Williford Suppl. to Rep. [117-3]. After Williford's Second Report noted that Matthews expects Gunn to testify that McReynolds' attorneys' fees were unreasonable, it then offered a countering opinion, for the first time, that McReynolds' attorneys' fees were reasonable. *Id.* at 2. Williford's Second Report dismissed the concealed fraud theory because the Will was made public record and never concealed. *Id.*

On July 10, 2017, Matthews formally designated Gunn and disclosed his report, in which Gunn stated that "the amount of fees Ms. McReynolds paid to the Law Office of Ruth B. Johnson was unreasonable." Gunn Report [117-2] at 6. On July 20, 2017, McReynolds designated John G. Corlew, Esq. ("Corlew") as a rebuttal expert and submitted his "Rule 26(a)(2) Report." Designation of Expert Rebuttal Witness [126-9] at 1. McReynolds retained Corlew to address Gunn's opinions

regarding the reasonableness of her attorneys' fees. *Id.* at 3. Corlew asserts in his report that "those fees were reasonable." *Id.*

2. Matthews' Motions

On July 11, 2017, Matthews filed a Motion [76] to Compel Execution of Medical Waivers. Matthews contended that McReynolds' medical records were relevant to his defense that it was McReynolds who refused to answer phone calls and that any delay in closing the Estate was attributable to her. Mot. [76] at 3. Matthews asserted that this information was also "relevant to Plaintiff's state of mind when she agreed to change her fee agreement from 1% to 15% to 25% to 33%." *Id.* at 4. Matthews that same day also filed a Motion [77] to Compel Attorney Depositions, seeking to depose McReynolds' current counsel regarding the attorneys' fees component of her alleged damages. Mot. [77] at 1. Matthews asserted that the amended fee agreements were not disclosed to defense counsel by McReynolds until May 31, 2017, *id.* at 2, and stated his intention "to depose McReynolds' attorneys to support his defense that the attorney's fees were unreasonable in the underlying litigation," Defs.' Mem. [79] at 5. In conjunction with the foregoing motions, Matthews moved the Court to extend the discovery deadline of August 1, 2017, by twenty-eight days in order for Matthews to depose McReynolds' counsel and for McReynolds to execute the medical waivers. Mot. [80].

McReynolds opposed both of Matthews' Motions to Compel and the Motion to Extend Discovery Deadline. Pl.'s Resps. [95][98][100]. McReynolds countered that her claims did not place her medical or mental state at issue, such that she had not

5

waived her patient-doctor privilege. Pl.'s Mem. [101]. Regarding attorney depositions, McReynolds herself stated that her "request for attorney fees is an element of her damages proximately caused by Matthews' negligence." Pl.'s Mem. [99] at 3. McReynolds further took the position that in legal malpractice cases, "the Plaintiff must prove the extent of the injury," *id.* at 8 (citing *Crist v. Loyacono*, 65 So. 3d 837, 842-43 (Miss. 2011)), and that "[t]he question in this case is whether the fees of thirty-three and one-third percent charged and paid by McReynolds are reasonable," *id.* at 14. This Court ultimately decided in McReynolds' favor and denied Matthews' Motion [80] to Extend the Discovery Deadline as well as his other Motions [76][77] as untimely. Order [112].

In the dispute presently before the Court, Matthews now moves to strike the proffered testimony of Corlew and the opinions contained in Williford's Second Report. Mot. [117] at 1. Matthews argues that Corlew's designation and Williford's Second Report occurred outside the deadlines established by the Case Management Order. Defs.' Mem. [118] at 5. Matthews contends that it is McReynolds' burden to prove the reasonableness of attorneys' fees as an essential element of her damages claim; therefore, McReynolds cannot fill in the missing gaps in Williford's timely First Report by untimely designating Corlew or improperly supplementing Williford's report. *Id.* at 7-9.

McReynolds responds that Corlew qualifies as a proper rebuttal expert and was timely designated as such under Federal Rule of Civil Procedure 26(a)(2)(D). Pl.'s Mem. [127] at 7. McReynolds posits that Williford's Second Report was timely

disclosed under Federal Rule of Civil Procedure 26(e)(2), which addresses a party's duty to supplement any expert witness report. *Id.* at 11. McReynolds now maintains that it is not her burden to prove the reasonableness of attorneys' fees, but instead, that this is an issue for the jury to determine. *Id.* at 13-15.

## II. DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. "[T]his disclosure must be accompanied by a written report" that must contain, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

Parties must make expert witness "disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Uniform Civil Rule 26(a)(2) states that a party must make its required expert disclosures "no later than the time specified in the case management order[.]" "Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U. Civ. R. 26(a)(2). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

7

The district court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990). In exercising its discretion to exclude expert testimony as untimely, a district court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Geiserman*, 893 F.2d at 791.

B.  Analysis

    1.  McReynolds' Expert Designation of Corlew is Untimely

The Court set a deadline of April 10, 2017, for McReynolds to designate her experts. McReynolds designated Corlew as an expert on July 20, 2017, clearly beyond that deadline. McReynolds did not request an extension of her deadline, nor did she move for leave to designate a new expert out of time. McReynolds argues that Corlew qualifies as a proper and timely rebuttal expert witness under Rule 26(a)(2)(D)(ii), which provides: "Absent a stipulation or a court order, the [expert witness] disclosures must be made . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Because Gunn's report was disclosed on July 10, 2017, McReynolds argues that she timely produced her rebuttal report of Corlew within 30 days.

8

"A rebuttal expert report is not the proper place for presenting new legal arguments, unless presenting those arguments is substantially justified and causes no prejudice." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (citation omitted). "[I]t is well settled that an expert's rebuttal statement is not an opportunity for a correction or filling in the gaps of the party's case-in-chief, particularly where those gaps are revealed through the opposing party's summary judgment motion." *Engler v. MTD Prod., Inc.*, 304 F.R.D. 349, 356 (N.D.N.Y. 2015) (citation and quotation marks omitted).

McReynolds agrees that "fill in the gap" rebuttal designations must be stricken. Pl.'s Mem. [127] at 12. Where the parties disagree is whether it is McReynolds' burden to prove that her attorneys' fees paid to the Law Office of B. Ruth Johnson to defend against the Will contest were reasonable. McReynolds posits that the reasonableness of attorneys' fees is not an essential element of her legal malpractice claim, such that Corlew's report is a proper rebuttal report aimed at "new information" raised in Gunn's report. However, McReynolds misses the point by focusing on the elements of proving *liability*, as opposed to her burden of also proving her *damages*.

In Mississippi, the burden is on a plaintiff seeking attorneys' fees as damages to prove the reasonableness of the fees. Mississippi cases

> make clear that an attorneys fee claim has factual components that must be proved. One of those components is the customary charge in the community. If this is so where the trial judge is the fact finder, it is more so where the facts are to be found by a jury. Jurors may not be presumed to know what fees are reasonable and necessary.

9

> *Where the question of an award of attorneys fees is being submitted to the jury as the trier of fact, the party seeking the fee must prove, inter alia, the reasonable necessity of the rendering of the services and spending the amount of time for which the fee is charged, as well as the reasonableness of the hourly rate.* Frequently this is done by the calling of another attorney in the community who is familiar with the type of case and the rates customarily charged for similar services and who then provides the necessary opinion testimony. Such proof may also be made by the attorney whose fee is claimed. So long as a proper foundation is laid, the attorney representing the fee applicant or any other attorney may provide the evidentiary foundation for reasonableness and necessity. *Absent such foundation, however, the jury is necessarily left to guess and speculate.*

*Clark v. Whiten*, 508 So. 2d 1105, 1108-09 (Miss. 1987) (citations, quotation marks, and footnote omitted) (emphasis added). Moreover, Mississippi Rule of Professional Conduct 1.5(a) states that a "lawyer's fees shall be reasonable" and outlines several factors to be considered in determining the reasonableness of a fee. Miss. R. Prof'l Conduct 1.5(a).

Thus, under Mississippi law, a showing of reasonableness is an essential element of McReynolds' damages claim for attorneys' fees, but her experts failed to put forth any evidence of the reasonableness of those fees by her expert designation deadline. Because this was an essential element of McReynolds' claim, it cannot be said that Gunn's opinions on the subject constitute new information that would be proper grounds for a rebuttal. It was McReynolds' burden to establish the reasonableness of her fees in the first instance as part of her initial expert designation. Corlew is not a proper rebuttal witness and his late designation violates the Case Management Order, regardless of whether the rules permit McReynolds until 30 days after Gunn's designation to identify a rebuttal expert.

10

## 2. Williford's Second Report is Untimely as to the Issue of Reasonableness of Attorneys' Fees

McReynolds' deadline for providing a report with a complete statement of Williford's opinions and bases for those opinions was her expert designation deadline of April 10, 2017. It was not until June 30, 2017, that Matthews received Williford's additional report, which opined for the first time on the reasonableness of her attorneys' fees. McReynolds asserts that Williford's Second Report constituted a proper "supplement" under Rule 26(e)(2). Pl.'s Mem. [127] at 11.

"The purpose of supplementary disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 324 (5th Cir. 1998). Supplemental reports are intended to be "changes" or "corrections" to the expert's original, timely disclosed opinion, and may not be "material additions to the initial report." *Harmon v. Georgia Gulf Lake Charles L.L.C.,* 476 F. App'x 31, 38 (5th Cir. 2012). "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report." James Wm. Moore et al., 6 Moore's Federal Practice § 26.131[2] (3d ed. 2017).

As noted above, McReynolds carries the initial burden under Mississippi law to prove her attorneys' fees were reasonable as an element of her damages claim in this case. Williford's First Report did not contain any opinion or reference as to the reasonableness of these fees. Williford's Second Report, therefore, contained new

opinions which were material additions exceeding the scope of Williford's designation and initial report. Such opinions were not supplemental and should have been disclosed in Williford's First Report by McReynolds' expert designation deadline. As the final contingency fee agreement between McReynolds and her present counsel was signed on May 31, 2016, and the Estate was closed on July 19, 2016, the bases for Williford's new opinions in his Second Report were available to McReynolds' counsel long before her expert designation deadline of April 10, 2017. Rule 26(e) is not to be used as an end run around the Court's discovery and scheduling deadlines. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). Williford's Second Report as to the reasonableness of attorneys' fees cannot be viewed as a valid or proper supplement, and this part of the Second Report should be stricken as untimely.

However, the Second Report also addresses Gunn's concealed fraud theory. Matthews has not offered any argument why this portion of the Second Report is improper or untimely. For this reason, Williford's opinions on this subject will be permitted.

3. Sanctions

The last issue before the Court is whether excluding Corlew's testimony and Williford's Second Report as to the reasonableness of fees is an appropriate sanction. McReynolds has not offered any legitimate explanation for not having properly disclosed these opinions before the expiration of her expert designation deadline, nor has she ever requested an extension of the deadline for the purpose of

12

adding these opinions. She has not disputed that all of the information necessary to support such opinions was available to her well before the expert designation deadline. It appears that counsel only saw the need for this information in response to Gunn's proffered opinions. In response to Matthews' Motion to Strike, McReynolds has also not requested any alternative relief in the form of reopening discovery so that she may designate these opinions timely or correctly.

As for the importance of the testimony, it seems clear that such testimony is important to McReynolds' attorneys' fees claim. To recover the approximately $800,000.00 in fees McReynolds seeks for B. Ruth Johnson's services, Mississippi law requires that she establish that such fees are reasonable. On the other hand, this is "so much the more reason to be sure its introduction was properly grounded." *Geiserman*, 893 F.2d at 791. Because the importance of the testimony was all the more reason for McReynolds to have disclosed it timely and properly, the Court finds this factor is neutral.

The prejudice to Matthews weighs in favor of exclusion. The Case Management Order set McReynolds' expert deadline in advance of Matthews' deadline to allow Matthews' experts to respond to McReynolds' experts. With respect to the specific prejudice caused by McReynolds' untimely designation of Corlew, the disclosure of Corlew's proffered testimony less than two weeks before the close of all discovery gave Matthews little time to prepare for, schedule, and conduct a deposition of Corlew. Regarding the prejudice of Williford's new opinions on the reasonableness of attorneys' fees, Williford's late report compressed the time

13

Matthews had to prepare to depose Williford on this new issue or prepare experts to respond to Williford's Second Report.

Furthermore, at McReynolds' urging, this Court previously strictly enforced the discovery deadlines and denied as untimely Matthews' Motion [80] to Extend Discovery Deadline and his Motions [76][77] to Compel Execution of Medical Waivers and Attorney Depositions, which in part specifically sought discovery from McReynolds on the reasonableness of her attorneys' fees.  Order [112]; Order [137].  Notably, when Matthews objected to the Magistrate Judge's denial of his discovery motions as untimely, McReynolds responded that "the attorneys fees incurred by her in the underlying case is the largest component of her damages" and opposed Matthews' discovery requests because "the Case Management Order and the Local Uniform Civil Rules impose deadlines."  Pl.'s Mem. [130] at 1.  Having argued for and received the benefit of the Court strictly enforcing the discovery deadlines in her favor, McReynolds cannot now be heard to complain that the Court will apply its scheduling orders to her with equal force.

Turning to the possibility of a continuance, no party has requested a continuance or sought an extension of discovery in connection with the present Motion.  The deadline for dispositive motions has passed.  Because discovery is closed and McReynolds has not requested a continuance or an extension of the discovery or expert designation deadlines, granting a continuance would not change the posture of the case in any meaningful way and would accomplish nothing.  Given the procedural history of this case, it also seems clear to the Court that

granting a continuance would not be likely to punish or deter the repetition of the same or similar conduct.

Were McReynolds to request that the Court reopen discovery to allow her to cure the deficiencies in her designation of Corlew and Williford, if the Court were to entertain such a request, it would also in fairness have to give strong consideration to reopening discovery for Matthews as well. Based upon the record as it stands presently, the Court finds that striking Corlew and Williford's Second Report as to the reasonableness of attorneys' fees is the appropriate sanction given the particular circumstances and current posture of the case.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's disclosure of Corlew and of Williford's Second Report as to the reasonableness of attorneys' fees was untimely and otherwise improper.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion [117] to Strike Plaintiff's Rebuttal Expert and Expert's Supplemental Report is **GRANTED IN PART** as to Plaintiff's expert John Corlew and as to the portion of the Supplement to Report of Robert Williford that relates to the reasonableness of attorneys' fees, and these opinions will not be permitted at trial.

15

The Motion is **DENIED IN PART** as to the portion of the Supplement to Report of Robert Williford that relates to concealed fraud.

**SO ORDERED AND ADJUDGED**, this the 20th day of November, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE